**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Main 503-743-7000

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GERALD BLOCK**, individually and on behalf of all others, | Case No. 3:17-cv-01808-YY |
| Plaintiff, | **CLASS ACTION ALLEGATION AMENDED COMPLAINT** |
| v. | Elder Abuse |
| | Unlawful Trade Practices |
| **FIP LLC**, a Nevada limited liability company, | Truth in Lending Act Violation |
| | Unjust Enrichment |
| Defendant. | 28 U.S.C. § 1332 |
| | Demand for Jury Trial |

**AMENDED COMPLAINT** – Page 1 of 16

1.

**INTRODUCTION**

Defendant's treatment of veterans bespeaks a culture that is not tolerable in America. Each year, defendant scams thousands of American veterans out of their pensions through void, predatory loans disguised as purchase and sale agreements. Defendant intentionally misrepresent the true costs of repayment and fails to provide legally-required fee and APR disclosures. Defendant falsely represents to veterans that their military pensions have been assigned to repay their loans, even though federal law prohibits assignment of military pensions.

Defendant has been run out of California and New York for operating similar scams in those states, and has been charged with making void loans to veterans by the Los Angeles City Attorney and the New York State Department of Financial Services. However, defendant continues to operate in Oregon through the Internet and by phone.

Mr. Block files this class action to shut defendant down in Oregon once and for all, and to recover fair compensation for every local veteran abused by its scheme.

2.

## THE PARTIES AND JURISDICTION

Defendant is a Nevada limited liability company. In the regular course of its business, defendant advertised and provided void, predatory loan products to Oregon veterans. Defendant advertised that its loans could be used for a number of personal and household purposes including to pay off a large purchase, take a vacation, or support a family.

3.

Plaintiff is a Vietnam War veteran of the United States Navy residing in the Portland, Oregon area. Plaintiff is 73 years old and an "elderly person" as that term is defined at ORS 124.050(2).

4.

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $5 million and because plaintiff's claim under the Truth in Lending Act ("TILA") arises under federal law. Venue is proper under 28 U.S.C. § 1391 because the bulk of defendant's advertising and loan transactions in Oregon took place with veterans residing in the Portland metro area. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

**AMENDED COMPLAINT** – Page 3 of 16

5.

## FACTUAL ALLEGATIONS

In or around May 2017, defendant solicited plaintiff with an email advertisement for a loan. Defendant represented that it would loan plaintiff money in exchange for his promise to repay through monthly payments with his military pension. Defendant took advantage of plaintiff's status as an elderly person and mispresented the true cost of plaintiff's repayment obligation, and failed to disclose that defendant ultimately intended to collect $12,600 from plaintiff to repay its loan of $2,450.

6.

To induce plaintiff into accepting and repaying its predatory loan, defendant falsely disguised the loan as a purchase and sale agreement, and never provided plaintiff a copy of the loan agreement until after he spent its loan proceeds. By failing to disclose to plaintiff that federal military pensions are not assignable, defendant also falsely represented to plaintiff that its loan may be secured by an assignment of his military pension, and falsely represented to plaintiff that if he did not repay its loan, defendant could directly seize plaintiff's military pension to collect.

**AMENDED COMPLAINT** – Page 4 of 16

7.

Defendant failed to disclose to plaintiff that federal law prohibits and voids any contract that attempts to assign or place a security interest upon military pensions or disability benefits. Under these circumstances, plaintiff and the putative class members' agreements with defendant are void. Defendant also intentionally failed to disclose or describe to plaintiff, either before or after the loan transaction, the true financing charges and annual percentage rate plaintiff would be charged for the loan. But for defendant's omissions of the required disclosures regarding the true cost of the loan, and defendant's omission that the loan was void, and but for plaintiff's reliance on defendant's misrepresentations about the validity of the loan and its true costs, plaintiff would not have accepted and would not have made payments on defendant's loan. When plaintiff later requested a copy of his contract, he learned for the first time that defendant intended to collect $12,600 in payments from him to repay its loan of $2,450. The contract defendant later provided to plaintiff is attached to this complaint as Exhibit 1. Defendant collected multiple payments from plaintiff before he realized it was a scam. When plaintiff stopped making payments, defendant withdrew money out of his bank account without notice using a void check and in violation of the federal Electronic Funds Transfer Act.

**AMENDED COMPLAINT** – Page 5 of 16

8.

## CLASS ALLEGATIONS

Hundreds of other Oregon veterans have also fallen prey to defendant's scam. Plaintiff files this complaint as an Oregon class action lawsuit. Plaintiff may intend to add additional defendants to this complaint including Scott Kohn and Future Income Payments, LLC as information is learned in discovery. The class consists of all individuals residing in Oregon who, within the past year:

**A.** Entered a loan transaction with defendant, and

    **i.** did not receive truthful information that the transaction was really a loan, and thus had to rely on defendant's false representation about the status and nature of its loan as a purchase and sale agreement, or

    **ii.** did not receive the fee and APR information disclosures as required by TILA, and thus had to rely on defendant's false representation about the true cost to repay its loan, or

    **iii.** did not receive truthful information that assignment of their veterans' benefits or military pensions was prohibited by federal law, and thus were falsely led to believe that they were assigning their veterans' benefits or pensions to defendant, or

**AMENDED COMPLAINT** – Page 6 of 16

    **iv.**    entered into an unlawful and void loan transaction with

    defendant, unjustly enriching defendant, and

**B.** who suffered an ascertainable loss as a result.

9.

The elder abuse subclass consists of all individuals residing in Oregon who are members of the class above, and who, within the past seven years, were 65 years of age or older when they entered their loan transaction with defendant.

10.

The TILA subclass consists of all individuals residing in Oregon who defendant extended closed-end credit as alleged in this complaint in the past year without disclosing all finance charges and the annual percentage rate with sufficient descriptions, in violation of TILA. By adopting TILA, Congress elevated the right of individuals such as plaintiff and the putative TILA subclass to have access to accurate credit disclosures. The invasion of that right by defendant is a concrete injury in fact for which this Court may provide relief.

11.

Excluded from the class are all attorneys for the class, officers and members of defendant, including officers and members of any entity with an ownership interest in defendant or its parent or subsidiary companies, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

12.

Every aggrieved veteran that did not receive adequate and truthful disclosures or information and was thus subjected to defendant's representations and omissions as alleged in this complaint suffered an ascertainable loss of any money defendant charged or collected, for any of its fees, and every veteran that did not receive adequate and truthful disclosures or information and was thus subjected to defendant's representations and omissions as alleged in this complaint is entitled to rescind their loan transaction with defendant.

13.

Defendant's behavior as alleged in this complaint willfully and recklessly violated the UTPA, including ORS 646.608(1) (e), (i), (k), (s), (t) and ORS 646.608(2), violated ORS 124 et seq., and violated TILA, including 15 U.S.C. §§ 1605(a), 1606(a), 1638(a)-(b) and 12 C.F.R. §§ 1026.18(d)-(e), 1026.22. These violations are common to the putative class and subclasses.

14.

The class is so numerous that joinder is impracticable. Upon information and belief, the class includes hundreds of members, and the exact number can be readily determined based on defendant's loan records and customer data. Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiff and the class members are entitled to equitable relief, whether defendant acted willfully, recklessly, knowingly, and intentionally, whether plaintiff and the class members are entitled to recover actual damages or statutory damages or punitive damages from defendant, and whether plaintiff and the class are entitled to recover fees and costs for defendant's various violations.

**AMENDED COMPLAINT** – Page 9 of 16

15.

Plaintiff's claims are typical of the claims of the class because like each putative class member, plaintiff did not receive adequate and truthful disclosures or information and was thus subjected to defendant's representations and omissions as alleged in this complaint, the injuries suffered by plaintiff and the class members vary only in the amounts collected by defendant, and plaintiff's claim for relief is based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because his claim is typical of the claims of the class, he is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

16.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiff knows, no class action that purports to include veterans bringing similar claims under Oregon law has been commenced, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiff and his attorneys will vigorously pursue the claims. The forum is desirable because the bulk of defendant's advertising and loan transactions in Oregon took place in the Portland metro area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by defendant. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's loan records and customer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

**AMENDED COMPLAINT** – Page 11 of 16

17.

## CLAIMS FOR RELIEF

### – Claim 1 for the Putative Class –

### VIOLATION OF ORS 646.608

Defendant willfully, recklessly, knowingly and intentionally violated ORS 646.608(1) (b), (e), (i), (k), and (t), with reference to ORS 646.608(2), as alleged above, causing plaintiff and the putative class ascertainable loss. Plaintiff suffered ascertainable loss of the fees collected by defendant, and of the money collected by defendant applied to financing charges and fees, and because plaintiff ended up with a high interest loan that did not have the right of rescission, was charged fees that were not disclosed as required by law, and because defendant failed to disclose that plaintiff's veteran's benefits could not be seized as a result of non-payment.

18.

Plaintiff and the class are entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by defendant, an order to preserve all documents and information (and electronically stored information) pertaining to this case. Plaintiff and the class are entitled to recover actual damages or $200 statutory damages, whichever is greater, rescission, interest and fees and costs under ORS 646.638.

**AMENDED COMPLAINT** – Page 12 of 16

19.

Defendant's violation of the UTPA as alleged above was malicious, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of Oregon veterans to be free from unlawful trade practices. Plaintiff and the class are entitled to recover punitive damages under ORS 646.638.

20.

**– Claim 2 For the Putative Class –**

**UNJUST ENRICHMENT**

As a matter of justice and equity, defendant should not be able to retain the illegal fees and payments it collected from plaintiff and the putative class as alleged in this complaint based on its void loan agreements. Plaintiff and the putative class are entitled to restitution based on defendant's unjust enrichment as alleged in this complaint.

21.

**– Claim 3 for the Elder Abuse Subclass –**

**VIOLATION OF ORS 124.100**

Defendant's behavior as alleged in this complaint constituted financial exploitation of an elderly person because defendant knowingly and wrongfully took money from plaintiff and the putative elder abuse subclass under false pretenses according to a void loan, in violation of ORS 124.100. As a result, under ORS 124.100(2), plaintiff and the putative elder abuse subclass are entitled to fair compensation for an amount three times their economic damages, and reimbursement for reasonable fees and costs.

22.

**– Claim 4 for the TILA Subclass –**

**VIOLATION OF TILA**

As alleged in this complaint, defendant regularly extends consumer credit though its loans payable by agreement in more than four installments for finance charges are required. Defendant extended plaintiff and the putative TILA subclass closed-end credit without disclosing all the required finance charges and the annual percentage rate with sufficient descriptions, in violation of 15 U.S.C. §§ 1605(a), 1606(a), 1638(a)-(b) and 12 C.F.R. §§ 1026.18(d)-(e), 1026.22. As a result of defendant's TILA violation, plaintiff and the putative TILA subclass are entitled to the reimbursed fees, costs, and maximum damages allowable under 15 U.S.C. § 1640.

23.

Demand for jury trial.

**AMENDED COMPLAINT** – Page 15 of 16

## PRAYER FOR RELIEF

Plaintiff seeks relief for himself and the putative class as follows:

**A.** Unless agreed upon by defendant, an order to preserve all documents and information (and electronically stored information) pertaining to this case,

**B.** An order certifying this matter as a class action,

**C.** Judgment against defendant for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs,

**D.** And other relief the Court deems necessary.

March 1, 2018

RESPECTFULLY FILED,

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Main 503-743-7000